# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| Robert Apter, *et al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 3:22-cv-184 |
| VS. | § | |
| | § | |
| U.S. Department of Health and Human | § | |
| Services, *et al.* | § | |
| | § | |
| Defendants. | § | |

## [JOINT PROPOSED] DOCKET-CONTROL ORDER

This case will be controlled by the following schedule:

## DEADLINES

**Plaintiffs' General Position:** There is no need for another round of briefing on whether Plaintiffs have standing. That issue was fully briefed by the parties (Dkts. 25, 27, 42), including whether Plaintiffs' injuries are traceable to the FDA's *ultra vires* actions, and then argued in-person before the Court, and the Complaint has not been amended since that time. Throughout these proceedings, the parties, this Court, and the Fifth Circuit have treated standing as separate and independent from the sovereign-immunity issues on which this Court and the Fifth Circuit ruled. The prior briefing is therefore more than sufficient for resolving the matter under the motion-to-dismiss standard, and the Fifth Circuit's opinion on sovereign immunity does not affect whether Plaintiffs have standing. There is no reason for Defendants' requested do-over on briefing the issue of standing.

This case has already been pending for almost 18 months. The Court should determine standing based on the existing briefing, and in the meantime the parties should proceed with the requirements that Plaintiffs propose below, including production of an administrative record and a deadline for seeking discovery—neither of which resolve the merits of the case—and deadlines for summary judgment. A decision on allowing discovery is premature before Defendants produce the administrative record, and, in any event, Defendants are wrong that discovery is categorically barred in *ultra vires* cases. *See, e.g.*, *Nat'l Ass'n of Postal Supervisors v. USPS*, No. 1:19-CV-2236, 2023 WL 5221367, at *1 (D.D.C. Aug. 15, 2023); *Texas v. DHS*, No. 6:23-CV-00007, 2023 WL 2842760, at *3 (S.D. Tex. Apr. 7, 2023). Contrary to the purpose of a Docket Control Order, Defendants' proposal below declines to set any specific deadlines for any of those important mileposts.

**Defendants' General Position:** The Fifth Circuit "remand[ed] for the district court to address standing and any other jurisdictional issues in the first instance." *Apter v. Dep't of Health & Hum. Servs.*, 80 F.4th 579, 595 (5th Cir. 2023). Because Defendants' original motion to dismiss is no longer pending, the appropriate way to proceed is for Defendants to file a renewed motion to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(g)(2), (h)(3). That renewed motion would account for the Fifth Circuit's opinion, which, contrary to Plaintiffs' argument, affects the standing analysis. For example, the Fifth Circuit upheld the dismissal of Plaintiffs' Administrative Procedure Act ("APA") claims, narrowing this case to Plaintiffs' *ultra vires* claim that FDA has authority to "inform" consumers but not to "recommend consumers 'stop' taking medicine." *Apter*, 80 F.4th at 587. Thus, Plaintiffs now must show their injuries are traceable, not to FDA's statements about ivermectin generally, but to the recommendations that are allegedly *ultra vires*. *See, e.g.*, *Elizondo v. Hinote*, No. 2:20-CV-00191, 2022 WL 4287646, at *4 (S.D. Tex. May 6, 2022), *report and recommendation adopted*, No. 2:20-CV-00191, 2022 WL 3225400 (S.D. Tex. Aug. 9, 2022) (considering a "second motion to dismiss" for lack of standing based on "a recent Fifth Circuit case").

The Court should resolve Defendants' renewed motion to dismiss for lack of subject matter jurisdiction before proceeding to the merits because of "the well-established rule that a trial court must determine the existence of subject matter jurisdiction before reaching the merits of a case." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 (5th Cir. 1988). Indeed, the Minute Entry for the September 14, 2022, Initial Conference states that "[d]iscovery is stayed until Judge Brown issues a ruling the pending Motion to Dismiss" for lack of subject matter jurisdiction and failure to state a claim and that the "Court will enter a docket control order if the Motion to Dismiss is denied." If the Court denies Defendants' renewed motion to dismiss, the parties should proceed straight to cross-motions for summary judgment on the remaining *ultra vires* claim, which is "a question of law" that requires no discovery. *Jean v. Gonzales*, 452 F.3d 392, 396 (5th Cir. 2006) (citing cases).

0.1.   Plaintiffs' Position: N/A; Defendants' Position: January 26, 2024. **DEADLINE FOR DEFENDANTS' RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.** Defendants will file a renewed motion to dismiss for lack of subject matter jurisdiction by January 26, 2024. Plaintiffs' opposition will be due February 23, 2024, and Defendants' reply will be due March 22, 2024.

1.   __N/A__ *[Plaintiffs will not amend]* **DEADLINE TO AMEND THE PLEADINGS.** Parties may amend pleadings by this date without leave of court, but only in compliance with Rule 6 in Judge Brown's procedures. If the plaintiff(s) file(s) an amended complaint by this date, the defendant(s) may file a responsive pleading in accordance with Fed. R. Civ. P. 15(a)(3). After

expiration of this deadline, a party seeking to amend a pleading must file a motion for leave demonstrating both good cause and excusable neglect in accordance with Fed. R. Civ. P. 6(b)(1)(B).

2. \_\_N/A\_\_ *[No parties will be added]* **DEADLINE TO ADD NEW PARTIES.** Unless a case has been removed from state court, new parties may be added by this date without leave of court. After the expiration of this deadline, a party seeking to add a new party must file a motion for leave demonstrating both good cause and excusable neglect in accordance with Fed. R. Civ. P. 6(b)(1)(B). The attorney causing the addition of new parties will provide copies of this order and all orders previously entered in the case to new parties. **Note:** If a case has been removed from state court, a motion for leave must be filed seeking permission to add new parties.

3. \_\_N/A\_\_ *[The parties do not anticipate any experts]* Identification of **plaintiffs' experts** and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B).

4. \_\_N/A\_\_ *[The parties do not anticipate any experts]* Identification of **defendants' experts** and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B).

4.1. Plaintiffs' Position: December 11, 2023; Defendants' Position: N/A[1] **DEADLINE TO PRODUCE ADMINISTRATIVE RECORD.**

4.2. Plaintiffs' Position: January 12, 2024; Defendants' position: N/A **DEADLINE FOR PLAINTIFFS TO MOVE FOR DISCOVERY.** Plaintiffs maintain that in the event the administrative record is not sufficient for resolution of the disputes in this case, discovery may be appropriate. *See, e.g., City of Dallas, Tex. v. Hall*, No. 3:07-cv-60, 2007 WL 3257188, at \*5 (N.D. Tex. Oct. 29, 2007).

---

[1] Defendants' Position: As discussed above, the Minute Entry for the September 14, 2022, Initial Conference states that "[d]iscovery is stayed until Judge Brown issues a ruling the pending Motion to Dismiss" for lack of standing, among other grounds, ECF No. 25, and that the "Court will enter a docket control order if the Motion to Dismiss is denied." The Court has not yet ruled on Defendants' argument that Plaintiffs lack standing. If the Court concludes that Plaintiffs have standing, then within fourteen (14) days of the Court's decision, the Parties will submit a new Joint Proposed Docket-Control Order with proposed deadlines for the remaining proceedings in this case. As discussed above, the remaining *ultra vires* claim is "a question of law" that requires no discovery. *Jean*, 452 F.3d at 396.

5.  Plaintiffs' Position: May 10, 2024; Defendants' Position: N/A

     **COMPLETION OF DISCOVERY, IF ALLOWED.** Written discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under the Federal Rules of Civil Procedure to respond until after the deadline.

6.  Plaintiffs' Position: June 10, 2024; Defendants' Position: N/A

     **DISPOSITIVE MOTIONS, IF DISCOVERY WAS ALLOWED.**

6.1.  Plaintiffs' Position: March 8, 2024; Defendants' Position: N/A

     **DISPOSITIVE MOTIONS, IF NO DISCOVERY WAS ALLOWED.**

7.  __N/A__ *[This case will almost certainly be resolved on cross-motions]* **ALL OTHER PRETRIAL MOTIONS.**

8.  __N/A__ *[This case will almost certainly be resolved on cross-motions]* **EXCHANGE PRETRIAL MATERIALS.** Parties should exchange and begin to confer on motions *in limine*, exhibit lists, and deposition designations.

9.  __N/A__ *[This case will almost certainly be resolved on cross-motions]* **DOCKET CALL is set at 9:30 a.m.** All *Pretrial Filings* (exhibit list, witness list, etc.) required under Rule 11 of the Galveston District Court Rules of Practice must be filed at least one day before this date. At docket call, the court may announce rulings on any pending matters, ***the case will be set for trial on a date certain within the next 60 days***, and further pretrial orders may be issued.

     Estimated Trial Time: ____N/A_____ days.


SIGNED on Galveston Island this _____ day of _____, 20_____.


                                        _____
                                        JEFFREY VINCENT BROWN
                                        UNITED STATES DISTRICT JUDGE